GUS MAYER COMPANY, LIMITED NO. 8699

 VS : COURT OF APPEAL FOR THE

DR. PARK HOWELL : PARISH OF ORLEANS

 : ::: :

 * * *

 WILLIAM A. BELL, JUDGE

 * * *

MARCH 19, 1923. 

WILLIAM A. BELL, Judge.

This is a suit upon an open account for balance due on the price of goods alleged to have been sold and delivered to defendant. The answer is a general denial. From a judgment in favor of defendant dismissing plaintiff's suit, plaintiff appeals. The itemized account sued upon and annexed to plaintiff's petition is shown to have run from October of 1918 to November 6, 1919. Several cash payments, one in 1918 and two in 1919, appear to have been made on said account, leaving a balance due of $143.58. Plaintiff has offered no proof whatever showing delivery of the goods to the defendant, and because of this fact it may be that the judgment appealed from has been rendered. However, we are convinced from the testimony of one of plaintiff's witnesses and from the defendant's own testimony and admissions, that he was fully aware of the existence of this account upon the books of the plaintiff company and that he made full and sufficient acknowledgment of the debt to legally obligate himself for its payment.

The evidence discloses that in October, 1922, the account was placed in the hands of a young man conducting a collecting agency. This witness' testimony is to the effect that after making demands for payment through the mail, he finally phoned defendant and requested him to call at an appointed hour at defendant's office. The result of this interview is related by the witness as follows:

"Q.-Will you explain to the Court what transpired between you and Dr. Howell?
"A.-I called on Dr. Howell in regard to this account and he said the bill was absolutely correct and 'I acknowledge it and I want to pay the bill, but I cannot pay it right now. I have just obtained a position with the school board and have been practicing in the country and, therefore, have not built up a large practice in New Orleans,' and he said if I waited until June that he would pay it, and he said he did not dispute the bill, and he wanted the Gus Mayer Company to give him some time to pay it.
"Q.-So he never denied it, he acknowledged it?
"A.-Yes, sir, and I told him that my client would not give him any time, and he said they would have to take action."

460

This same witness on cross-examination further testifies:

"Q.-What did he say?
"A.-He said "The bill is due and I am willing to pay it, and I do not want to beat the Gus Mayer Co. out of a cent and all I ask them to do is to wait until the summer months, or June, and I will make arrangements to pay.""

The defendant, on direct examination, denies that the goods were ever purchased by or delivered to him or that he had any knowledge of the existence of the account upon plaintiff's books, or that he ever received the monthly statements which plaintiff's bookkeeper swears were mailed to his office address, but he admits the interview with plaintiff's collector and testifies concerning this interview as follows:

"Q.-You remember Mr. Congery calling on you, the gentleman who just left the stand?
"A.-Yes, sir.
"Q.-Did Mr. Congery make a demand on you for this account?
"A.-Yes, sir.
"Q.-What was your answer to his demand?
"A.-I told him just as he said, that I could not pay.
"Q.-And that you would pay it in June?
"A.-If the bill was correct and if it was a just bill and I owed it. I did not want to dodge it.

* * * *

"Q.-Well, what did you say in reference to June; why did you make that statement if you did not owe that amount to the Gus Mayer Co. Ltd?
"A.-Because up to this time I had been unable to pay.

* * * *

"Q.-Just explain what you told Mr. Congery at the time he made demand on you?
"A.-I told him that I was unable to pay the bill; that I had been in difficult circumstances financially, but that I was getting in better circumstances now, and that in the summer time I would be able to pay the debt, and if this debt was perfectly fair and just I would settle it.
"Q.-You never denied the debt?
"A.-I did not know anything about it.
"Q.-Why should you make an admission of it if you did not know anything about it? You did not deny it. You simply said you would pay it in June?
"A.-I did not know whether it is a proper charge or not."

No other conclusion can be drawn from the above-quoted statements than that the defendant was fully aware of this account and undoubtedly recognized the same as due and owing, but attempted to procure

461

further indulgence from plaintiff for the payment of same.

Counsel for defendant stresses in his brief the cedal provision of Article 2278 against the admission of parole evidence to prove any promise to pay the debt of a third person. The objection is plainly not applicable to the case before us for the reasons that there is no issue raised here that the account in defendant's name was in fact created by or upon the alleged verbal premise on his part to pay any debt contracted by a third patty. There is nothing in the record to disclose timely objections to the admission of any such testimony as would establish such facts, even had such evidence been offered, nor has defendant attempted to either plead or prove that the debt sued upon was contracted by some third party in his name and without his sanction or authority or that the goods were sold or delivered to anyone other than himself. His own testimony is clearly to the effect that he told the collector he was unable to pay the debt at the time demanded, but that he would be able to do so at a later date and would settle if the debt was perfectly fair and just. It may be added that he has failed either to plead or prove that the debt is not fair nor just, but on the contrary that he has clearly admitted the same to be due by him. We are not concerned as to defendant's willingness to pay, but only as to his liability, which, in our opinion, has been clearly established by a preponderance of evidence.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the judgment herein appealed from dismissing plaintiff's claim be and the same hereby is reversed.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there now be judgment in favor of plaintiff, Gus Mayer Co. Ltd., and against Dr. Park Howell, the defendant, in the sum of $148.53, with interest on said amount from judicial demand until paid, and for all costs in both courts.

JUDGMENT REVERSED. MARCH 19, 1923.